JOSEPH A. GUTIERREZ, ESQ.
Nevada Bar No. 9046
DANIELLE J. BARRAZA, ESQ.
Nevada Bar No. 13822
**MAIER GUTIERREZ & ASSOCIATES**
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
Telephone:  702.629.7900
Facsimile:  702.629.7925
E-mail:      jag@mgalaw.com
                djb@mgalaw.com

*Attorneys for Plaintiff Carlota Moore*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CARLOTA MOORE, individually,<br><br>                          Plaintiff,<br><br>vs.<br><br>ASSOCIATED SUPPLY COMPANY, a domestic corporation; DOES I-X; and ROE BUSINESS ENTITIES I-X, inclusive,<br><br>                          Defendants. | Case No.:<br><br>**COMPLAINT** |

## COMPLAINT WITH JURY DEMAND

Plaintiff CARLOTA MOORE, by and through her attorneys of record, the law firm MAIER GUTIERREZ & ASSOCIATES, hereby demands a trial by jury and complains and alleges against ASSOCIATED SUPPLY COMPANY, a domestic corporation; and DOES I-X; and ROE BUSINESS ENTITIES I-X, inclusive (collectively, "Defendants") as follows:

## JURISDICTION, VENUE AND LEGAL BASIS FOR THIS ACTION

1.      This court possesses jurisdiction over the matter under 28 U.S.C. § 1331 because Plaintiff's claims arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

2.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since "a substantial part of the events or omissions giving rise to the claim[s] occurred" in Nevada.

/ / /

/ / /

1

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

3.    On or about January 27, 2017, Plaintiff filed a formal charge of discrimination with the Nevada Equal Rights Commission ("NERC").  This filing with NERC fulfilled Plaintiff's obligation to initiate an administrative claim before seeking review in this court.

4.    In the NERC filing, Plaintiff alleged facts demonstrating that she had been subjected to sexual harassment and wrongful retaliation in the form of termination in violation of public policy.

5.    On or about July 10, 2017, NERC issued Plaintiff a Notice of Right to Sue Letter stating that she would have within 90 days of the letter's receipt to file suit.

6.    Plaintiff has met all administrative prerequisites to bring this lawsuit.

**PARTIES**

7.    Plaintiff CARLOTA MOORE ("Plaintiff" or "Ms. Moore") is, and at all times pertinent hereto was, a resident of Clark County, Nevada.

8.    Upon information and belief, defendant ASSOCIATED SUPPLY COMPANY ("Associated Supply") is, and at all times pertinent hereto was, a Nevada corporation authorized to do business in Clark County, Nevada.

9.    The true names and capacities, whether individual, corporate, associate, partnership or otherwise, of the defendants herein designated as DOES I through X and ROE CORPORATIONS I through X, inclusive, are unknown to plaintiff, who therefore sues said defendants by such fictitious names.  Plaintiff will seek leave of the court to insert the true names and capacities of such defendants when the same have been ascertained and will seek further leave to join said defendants in these proceedings.

**GENERAL ALLEGATIONS**

10.    On or around June 8, 2016, Ms. Moore began working as a sales representative at Associated Supply.

11.    Ms. Moore was an exceptional employee and was dedicated to Associated Supply.  She was never issued a write-up or a reprimand over the course of her employment – until she complained of illegal conduct.

12.    Ms. Moore is a hard worker and was the top sales rep for the majority of her

2

employment with Associated Supply.

**SEXUAL HARASSMENT**

13. For the entirety of Ms. Moore's employment at Associated Supply, she was subjected to unwelcome conduct, because of her sex, that unquestionably altered the terms and conditions of her employment.

14. Ms. Moore was the subject of countless incidents of obscene, inappropriate, and illegal conduct by Scott Smith ("Ms. Smith"), her direct manager at Associated Supply.

15. Upon information and belief, Mr. Smith created a hostile work environment by making obscene comments, requests, advances, and gestures of a sexual nature.

16. Shortly after Ms. Moore began working for Associated Supply, Mr. Smith began making sexual advances at Ms. Moore in the workplace, thus making her extremely uncomfortable.

17. These advances started out relatively innocuous, with Mr. Smith flirting with Ms. Moore, calling he pretty, and asking her out on dates. Ms. Moore always declined these offers.

18. After a few months of Ms. Moore rejecting Mr. Smith's advances, Mr. Smith became more aggressive and his advances got more sexually explicit and blatantly offensive with respect to Ms. Moore's body.

19. For example, Mr. Smith started making it a habit of visiting Ms. Moore at her cubicle and showing her pictures of his genitals on his phone, which Ms. Moore made clear she was not interested in seeing.

20. Mr. Smith also texted inappropriate messages to Ms. Moore, including calling her "cute", telling her to "[e]njoy your laying down" and referencing that she was a "tease," on multiple occasions, including but not limited to "You going to keep teasing me?" followed by "Too bad."

21. Mr. Smith also used his hands to touch Ms. Moore's breasts on multiple occasions at work, and frequently used his pen to poke Ms. Moore's breasts and other parts of her body, all without her consent.

22. Ms. Moore never reciprocated Mr. Smith's sexual advances nor did she give any indication that she was interested in a romantic relationship with him.

23. In fact, Ms. Moore communicated to Mr. Smith that his overtly sexual conduct and

3

advances were unwelcome and unreciprocated, especially in the workplace, but he continued the harassment.

24.    When Mr. Smith did not stop sexually harassing her, Ms. Moore made a complaint to the General Manger of Associated Supply, Lisa, on or around September 8, 2016.  Lisa, who was Mr. Smith's boss at the time, acted concerned and told Ms. Moore she would look into the matter.

25.    However, no remedial action was ever taken to put an end to Mr. Smith's conduct.

26.    Upon information and belief, Associated Supply never conducted a proper investigation into Mr. Smith's overtly sexual conduct towards Ms. Moore, and Mr. Smith never suffered from any kind of repercussions for his actions.

**RETALIATION**

27.    Shortly after Ms. Moore reported Mr. Smith's illegal conduct to the General Manager, Mr. Smith and others began to retaliate against Ms. Moore.

28.    For example, just a few days after reporting the sexual harassment to the General Manager, Ms. Moore was written up for eating grapes at her desk.

29.    Before reporting the sexual harassment to management, Ms. Moore had never before been written up for anything, let alone for eating at her desk.  In fact, it is not uncommon for Associated Supply employees to have small snacks throughout the day at their desks.

30.    Then, on or around September 16, 2016, just eight days after Ms. Moore reported Mr. Smith's conduct to the General Manager, Associated Supply suddenly terminated Ms. Moore, claiming that she had poor sales numbers and had allegedly failed to meet her sales quota.

31.    Associated Supply failed to provide Ms. Moore any paperwork to support its claim that she had not met her sales quota.

32.    This purported reason is clearly disingenuous, as Ms. Moore's sales numbers were not out of the ordinary and certainly did not justify termination.

33.    Associated Supply pretextually terminated Ms. Moore, as the purported reason for her termination is clearly disingenuous, and the termination occurred a mere eight days after Ms. Moore participated in the protected activity of reporting Mr. Smith's the discriminatory and obscene conduct.

34.    Ms. Moore was not provided any termination paperwork, nor was she given an

opportunity to explain her position to Associated Supply.

35.    It has also come to Ms. Moore's attention that Lisa went around the office asking other employees to write negative statements about Ms. Moore, which some refused to do, but others cooperated.

**THE NEGATIVE IMPACT ON MS. MOORE'S HEALTH**

36.    The hostile work environment and retaliation that Associated Supply subjected Ms. Moore to was so intolerable that it negatively impacted her health and well-being.

37.    Following her abrupt termination, Ms. Moore was incredibly distraught because she felt she had been wrongfully punished for reporting Mr. Smith's sexual harassment. The experience caused Ms. Moore to suffer from extreme stress, depression, and insomnia, and she felt compelled to seek medical help for her condition.

38.    Following her termination, Ms. Moore went to the doctor and was diagnosed with stress-related panic attacks and insomnia. Ms. Moore was prescribed Lorazepam in an attempt to help combat these stress related health issues.

39.    Accordingly, Associated Supply's sanctioning of a hostile work environment and its acts of retaliation against Ms. Moore have not only negatively impacted Ms. Moore's work and pay, but they have negatively impacted her health, and her life, as a whole. Ms. Moore is suffering from such severe stress that she genuinely fears her health is in danger.

**FIRST CLAIM FOR RELIEF**

**Violation of Title VII – 42 U.S.C § 2000e-2(a)(1) – Unlawful Employment Practice (Sexual Discrimination)**

40.    Plaintiff repeats and realleges the allegations of the preceding paragraphs of the complaint as though fully set forth herein and incorporates the same herein by reference.

41.    Ms. Moore has been subjected to unwelcome conduct because of her sex that unquestionably altered the terms and conditions of her employment.

42.    Associated Supply Company created a hostile work environment when it tolerated Mr. Smith's inappropriate behavior towards Ms. Moore, including but not limited to making obscene comments, constantly making dating requests, texting her inappropriate messages claiming she was

"teasing" him, showing Ms. Moore photos of his genitals on his phone, and physically groping Ms. Moore's breasts with his hands or by poking them with his pen.

43. Much of Mr. Smith's conduct was unquestionably sexual in nature.

44. Moreover, this conduct has persisted for the entirety of Ms. Moore's employment at Associated Supply Company.

45. This obscene and persistent conduct unquestionably has been severe or pervasive enough to alter the terms and conditions of Moore's employment.

46. Associated Supply Company is liable for the hostile work environment created by Mr. Smith (Ms. Moore's direct manager) because it knew or should have known about the conduct and negligently allowed it to continue.

47. Because Ms. Moore reported this conduct to management, Associated Supply Company knew or should have known about the harassment and nonetheless took no reasonable steps to cure or prevent harassment.

48. Therefore, Ms. Moore can demonstrate that Associated Supply Company is liable for the creation of a hostile work environment.

49. Associated Supply Company's actions were taken with malice and/or with reckless indifference to Plaintiff's federally-protected rights.

50. Associated Supply Company deprived Plaintiff from the enjoyment of all benefits, terms, and conditions of the contractual relationship by failing to rectify the sexually harassing behavior Plaintiff was subjected to at her place of employment.

51. As a result of Associated Supply Company's actions, Ms. Moore has suffered lost wages, mental anguish, emotional distress, inconvenience, and loss of enjoyment of life.

52. It has been necessary for Ms. Moore to retain the services of attorneys and she is entitled to reasonable costs and attorneys' fees.

### SECOND CLAIM FOR RELIEF

**Violation of Title VII – 42 U.S.C § 2000e-3(a) – Retaliation**

53. Plaintiff repeats and realleges the allegations of the preceding paragraphs of the complaint as though fully set forth herein and incorporates the same herein by reference.

54.    On or about September 8, 2016, Ms. Moore engaged in a protected activity when she complained to management about Mr. Smith's inappropriate discriminatory behavior.

55.    However, upon information and belief, Associated Supply never took up any kind of investigation into Ms. Moore's complaints, and they went ignored.

56.    Upon information and belief, after Mr. Smith got word o Ms. Moore's complaints about his inappropriate sexual advancements, he worked with management to ensure Ms. Moore got fired.

57.    Just a few days after she reported Mr. Smith's conduct, Ms. Moore was then written up for eating grapes at her desk.

58.    Before reporting the sexual harassment to management, Ms. Moore had never before been written up for anything, let alone for eating at her desk.  In fact, it is not uncommon for Associated Supply employees to have small snacks throughout the day at their desks.

59.    This purported reason for Ms. Moore's write-up was clearly disingenuous and disguised retaliation, as a number of other employees have been in this same situation and received no adverse employment action.

60.    Thereafter, on September 16, 2016, just eight days after she reported Mr. Smith's conduct, Ms. Moore was suddenly terminated by Associated Supply.

61.    Associated Supply Company pretextually terminated Moore for "low sales numbers."

62.    This purported reason for Moore's termination is clearly disingenuous.

63.    Rather, Associated Supply Company terminated Ms. Moore because of her complaint regarding Mr. Smith's sexual harassment and the hostile work environment she was enduring.

64.    Terminating an employee like Ms. Moore right after she came forward with sexual harassment allegations is reasonably likely to deter any employee form engaging in a protected activity, and therefore, Associated Supply's actions were plainly retaliatory in violation of Title VII.

65.    As a result of Associated Supply Company's actions, Moore has suffered lost wages, mental anguish, emotional distress, inconvenience, and loss of enjoyment of life.

66.    It has been necessary for Moore to retain the service of attorneys and she is entitled to reasonable costs and attorneys' fees.

7

**THIRD CLAIM FOR RELIEF**

**Violation of NRS 613.330 – Unlawful Deprivation of Employment**

67.    Plaintiff repeats and realleges the allegations of the preceding paragraphs of the complaint as though fully set forth herein and incorporates the same herein by reference.

68.    Associated Supply discriminated against Moore by subjecting her to, among other discriminatory acts, loss of compensation, and retaliation.

69.    Other similarly situated employees were not exposed to the same discriminatory conduct.

70.    As a result of Associated Supply Company's actions, Moore has suffered lost wages, mental anguish, emotional distress, inconvenience, and loss of enjoyment of life.

71.    It has been necessary for Moore to retain the services of attorneys and she is entitled to reasonable costs and attorneys' fees.

**FOURTH CLAIM FOR RELIEF**

**Violation of NRS 613.340 – Retaliation**

72.    Plaintiff repeats and realleges the allegations of the preceding paragraphs of the complaint as though fully set forth herein and incorporates the same herein by reference.

73.    Associated Supply discriminated against Moore by subjecting her to, among other discriminatory acts, loss of compensation, and retaliation after she expressed her opposition to Mr. Smith's unlawful sexual harassment against her.

74.    Ms. Moore expressed her opposition to Mr. Smith's acts directly to the General Manager, Lisa, yet instead of Mr. Smith suffering any kind of repercussions for his actions, Ms. Moore is the one who was terminated just eight days later.

75.    As a result of Associated Supply Company's actions, Moore has suffered lost wages, mental anguish, emotional distress, inconvenience, and loss of enjoyment of life.

76.    It has been necessary for Moore to retain the services of attorneys and she is entitled to reasonable costs and attorneys' fees.

**DEMAND FOR JURY TRIAL**

77.    Pursuant to the Seventh Amendment of the United States Constitution, Plaintiff

8

invokes her right to trial by jury in this civil action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.    For a judgment in favor of Plaintiff against Defendants, and each of them, on the complaint and all claims for relief asserted therein;

2.    For an award of economic damages in an amount sufficient to make Plaintiff whole for past and future lost income and benefits and other economic losses suffered by Plaintiff resulting from Defendants' conduct;

3.    For an award of compensatory damages from mental anguish, emotional distress, pain and suffering, humiliation, harm to reputation, and other losses incurred by Plaintiff as a result of Defendants' conduct;

4.    For an award of prejudgment and post-judgment interest;

5.    For an award of punitive damages;

6.    For an award of Plaintiff's cost of suit incurred herein; and

7.    For an award of attorney's fees and related expenses pursuant to § 706(k) of Title VII, 42 U.S.C. § 2000e-5(k) and other corresponding federal law.

8.    For an award of such other relief the Court may deem just and proper.

DATED this 30th day of August, 2017.

Respectfully submitted,

**MAIER GUTIERREZ & ASSOCIATES**

 _/s/ Danielle J. Barraza_____
JOSEPH A. GUTIERREZ, ESQ.
Nevada Bar No. 9046
DANIELLE J. BARRAZA, ESQ.
Nevada Bar No. 13822
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
*Attorneys for Plaintiff Carlota Moore*

9